IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEMETRIC S. DOUGLAS and, | : | |
| CATHERINE SAFFO, on behalf of them- | : | |
| selves and all others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | Civil Action File No. |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| ASSIGNED CREDIT SOLUTIONS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

## CLASS ACTION COMPLAINT

1.    DEMETRIC S. DOUGLAS and CATHERINE SAFFO, on behalf of

themselves and all others similarly situated, allege Defendant ASSIGNED

CREDIT SOLUTIONS, INC., violated the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") by leaving pre-recorded messages

to consumers without meaningful disclosure of the callers' identity and

without disclosing that the communications were from a debt collector.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337 and 15

U.S.C. § 1692k(d).

3.    Venue in this District is proper because a substantial part of the events or

omissions giving rise to the claim occurred here.


## PARTIES

4.    Plaintiff DEMETRIC DOUGLAS is a natural person residing in Henry

County Georgia and is authorized by law to bring this action.

5.    Plaintiff CATHERINE SAFFO is a natural person residing in Clayton County

Georgia and is authorized by law to bring this action.

6.    Plaintiffs are each a "consumer" as defined by 15 U.S.C. §1692a(3).

7.    Defendant ASSIGNED CREDIT SOLUTIONS, INC. is a corporation

organized under the laws of the State of New Jersey.  [Hereinafter said

defendant is referred to as "ASSIGNED"]

8.    ASSIGNED is subject to the jurisdiction and venue of this Court.

9.    ASSIGNED conducts collection activity through the United States and

contacts consumers such as Plaintiff that reside in the State of Georgia

10.   ASSIGNED may be served by personal service upon its registered agent in

the State of Georgia, to wit: CT CORPORATION SYSTEM, 1201 Peachtree

Street, NE, Atlanta, GA 30361.

11.     Alternatively, ASSIGNED may be served on an officer or authorized agent at its principal place of business in New Jersey, to wit:701 Route 73 North, Suite 8, Marlton, New Jersey 08053.

12.     Alternatively, ASSIGNED may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of New Jersey or Georgia.

13.     Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

14.     ASSIGNED regularly uses the mails and telephone communications in its business, for which the principal purpose is the collection of debts.

15.     ASSIGNED regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or do another.

16.     ASSIGNED is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17.     The principle purpose of Defendant's business is the collection of debts.

18.     Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

19.    During the last 12 months, ASSIGNED has attempted to collect a debt

       allegedly incurred by Plaintiffs for personal, family or household purposes to

       a business not a party to this litigation.

20.    ASSIGNED initiated telephone calls to Plaintiff Demetric Douglas' personal

       cellular telephone number of (404)444-8601.

21.    ASSIGNED initiated telephone calls to Plaintiff Catherine Saffo's personal

       cellular telephone number of (770) 630-2971.

22.    The telephone calls were initiated in an attempt to collect a debt from each of

       the plaintiffs.

23.    ASSIGNED has communicated with Plaintiff Demetric Douglas by voice mail

       when calling (404)444-8601.

24.    ASSIGNED has communicated with Plaintiff Catherinne Saffo by voice mail

       when calling (770) 630-2971.

25.    ASSIGNED left a series of at least four identical pre-recorded voice mail

       messages for which it did not identify the company name, state the nature of

       its business, or the purpose of the call when leaving a message for Plaintiff

       Demtric Douglas seeking a return call.

26.    ASSIGNED has left the identical pre-recorded voice mail message referenced

       in the proceeding paragraph to Plaintiff Catherine Saffo.

27.    The content of the four pre-recorded messages to left with Plaintiff Demetric

Douglas and the message(s) left for Plaintiff Catherine Saffo were as follows:

**"It is our responsibility to evaluate your current situation to determine whether or not this needs to go any further or if we can assist you in resolving this matter on your own terms.   So it is out of courtesy that we are attempting to include you in this process. Please take that into consideration.  It would greatly benefit you to give your side of the story regarding this matter before this process is complete. It is your responsibility to contact us.  Let us know your honest intentions and we will be glad to try and assist you. Please call our office at 856-667-5400. Thank you."**

28.    All of the pre-recorded messages left by Defendant were identical and they all

failed to provide meaningful disclosure of the caller's identity.

29.    ASSIGNED did not state that the communication was from a debt collector in

its pre-recorded voice mail messages.

30.    ASSIGNED did not state that the purpose of the communication was an

attempt to collect a debt in its pre-recorded voice mail messages.

31.    ASSIGNED also left "live" messages for each Plaintiff which also did not

adequately identify the company name, state the nature of its business, or the

purpose of the call when leaving a message for Plaintiff seeking a return call.

32.    The combination of leaving both pre-recorded and live messages shows that

ASSIGNED's conduct was intentional or grossly negligent and that they did

not maintain an adequate practice and policy of leaving their complete

company name, the nature of its business, or the debt collection purpose of

the call when leaving messages for consumers.

33.    Plaintiff has complied with all conditions precedent to bring this action.

## CLASS ACTION ALLEGATIONS

34.    This action is brought on behalf of a class defined as (i) all natural persons

residing in either Clayton County, Georgia or Henry County, Georgia to

whom Defendant ASSIGNED left a pre-recorded telephone message (ii) for

which it failed to adequately identify itself, state the purpose of the call, or

state that it was a debt collector (iii) in an attempt to collect a debt allegedly

incurred for personal, family, or household purposes (iv) which was owed or

due or asserted to be owed or due another (v) during the one year period prior

to the filing of the complaint in this matter through the date of class

certification.

35.    The exact size of the class is information within the exclusive knowledge of

the defendant.

36.    The class size is numerous and equals or exceeds forty (40) members.

37.    The class is so numerous that joinder of all members is impractical.

38.    There are questions of law and fact common to the class.

39.   These common issues predominate over any issues involving only individual class members.

40.   The commons issues include the following:

      a.   Whether Defendant is a debt collector.

      b.   Whether Defendants' telephone messages violate the FDCPA.

41.   The claims of the two named Plaintiffs are typical of those of the class members.  All are based on the same facts and legal theories.

42.   Plaintiff will fairly and adequately protect the interests of the class.  They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.  Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

43.   Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

      a.   The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44.     Plaintiffs request certification of a class pursuant to Rule 23(b)(3) for

        monetary damages.

## CAUSES OF ACTION

## **FAIR DEBT COLLECTION PRACTICES ACT**

45.     Plaintiff incorporates the foregoing paragraphs.

46.     The acts of defendant as described above constitute violations of the Fair

        Debt Collection Practices Act.

47.     Defendant's violations of the FDCPA include, but are not limited to, the

        following violations of 15 U.S.C. §§ 1692d and 1692e:

48.         In their telephone messages, Defendants did not provide

            meaningful disclosure of their identity; specifically, Defendants

            failed to state the name of their business or state the nature of

            their business, in violation of 15 U.S.C. § 1692d(6).  *Edwards v.*

            *Niagara Credit Solutions Inc.*, 584 F.3d 1350 (11th Cir. 2009).

49.         In their telephone messages, Defendants failed to state that the

            communications were from a debt collector, in violation of 15

            U.S.C. § 1692e(11). *Edwards v. Niagara Credit Solutions Inc.*,

            584 F.3d 1350 (11th Cir. 2009).

50.    As a result of Defendant's actions, Plaintiffs and the class-members are

entitled to an award of statutory damages, as well as an award of costs and

attorney fees.

## JURY TRIAL DEMAND

51.    Plaintiffs demand a trial by jury on all issue so triable.

WHEREFORE, PLAINTIFFS RESPECTFULLY PRAY THAT THE

COURT ENTER JUDGMENT IN FAVOR OF THEMSELVES AND THE CLASS

THEY SEEK TO REPRESENT AGAINST DEFENDANT, AS FOLLOWS:

A.    That this matter be certified to proceed as a class action;

B.    That the Court award statutory damages to Plaintiffs and the

Class pursuant to 15 U.S.C. §1692k;

C.    That the Court award attorney's fees, litigation expenses and

costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

D.    That the Court award such other or further relief as the Court

deems proper.

Respectfully submitted,    SKAAR & FEAGLE, LLP

by:    /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street

Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax